Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **QEANA ALFRED**, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    v.<br><br>**FEDERAL EXPRESS CORPORATION**,<br><br>            Defendant. | Case No. 2:25-cv-01769-JNW<br><br>**DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT** |

Defendant Federal Express Corporation ("FedEx"), pursuant to the Federal Rules of Civil Procedure, submits its Answer and Affirmative Defenses to Plaintiff Qeana Alfred's ("Plaintiff") Class Action Complaint as follows:

## I.    NATURE OF THE CASE

1. FedEx admits Plaintiff purports to bring this putative class action on behalf of herself and others for alleged violations of Washington noncompetition law.  FedEx denies the remaining allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 2 of the Complaint.

DEFENDANT FEDERAL EXPRESS
CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO CLASS
ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

3. Paragraph 3 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 10 of the Complaint.

DEFENDANT FEDERAL EXPRESS
CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO CLASS
ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

11. Paragraph 11 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 11 of the Complaint.

12. FedEx denies the allegations in Paragraph 12 of the Complaint.

13. FedEx admits Plaintiff seeks declaratory and injunctive relief in this lawsuit, but denies Plaintiff or the putative class is entitled to any such relief or any damages under any theory of liability.

14. FedEx admits Plaintiff seeks statutory damages on behalf of herself and a putative class, but denies Plaintiff or the putative class is entitled to any damages.

## II.  JURISDICTION AND VENUE

15. FedEx admits this District Court has jurisdiction over this action post-removal. Except as so stated, FedEx denies the allegations in Paragraph 15 of the Complaint.

16. FedEx admits it transacts business in King County, Washington and that, following removal, venue is proper in this District Court. Except as so stated, FedEx denies the allegations in Paragraph 16 of the Complaint.

## III.    PARTIES

17. FedEx admits it employed Plaintiff in Washington. FedEx lacks knowledge of information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint, and thus denies same.

18. FedEx Freight, Inc. was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 18 of the Complaint.

19. FedEx admits it is a foreign, for-profit corporation that regularly transacts business in Washington, including in King County at 7607 Perimeter Road South, Seattle, Washington 98108. Except as so stated, FedEx denies the remaining allegations in Paragraph 19 of the Complaint.

DEFENDANT FEDERAL EXPRESS
CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO CLASS
ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

20. FedEx Corporate Services, Inc. was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 20 of the Complaint.

21. FedEx Custom Critical, Inc. was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 21 of the Complaint.

22. FedEx Dataworks, Inc. was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 22 of the Complaint.

23. FedEx Forward Depots, Inc. was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 23 of the Complaint.

24. FedEx Ground Package System, Inc. was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 24 of the Complaint.

25.  FedEx Logistics, Inc. was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 25 of the Complaint.

26. FedEx Office and Print Services, Inc. was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 26 of the Complaint.

27. FedEx Supply Chain, Inc. was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 27 of the Complaint.

DEFENDANT FEDERAL EXPRESS
CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO CLASS
ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

28. FedEx Supplychain Systems, Inc. was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 28 of the Complaint.

29. FedEx Truckload Brokerage, LLC was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 29 of the Complaint.

30. FedEx Trade Networks Services, LLC was dismissed as a party-defendant by Stipulated Order of Dismissal entered on August 25, 2025. To the extent any further response is required, FedEx denies the allegations in Paragraph 30 of the Complaint.

31. FedEx denies the allegations in Paragraph 31 of the Complaint.

## IV.    STATEMENT OF FACTS

32. FedEx admits the allegations in Paragraph 32 of the Complaint.

33. FedEx denies the allegations in Paragraph 33 of the Complaint.

34. FedEx admits Plaintiff purports to represent a class composed of current and former employees in Washington, but denies this action may properly be maintained as a class action. Except as so stated, FedEx denies the allegations in Paragraph 34 of the Complaint.

35. FedEx admits the allegations in Paragraph 35 of the Complaint.

36. FedEx admits Plaintiff earned less than twice the applicable state minimum wage during her employment and that Plaintiff purports to represent a class composed of current and former employees in Washington, but denies this action may properly be maintained as a class action. Except as so stated, FedEx denies the allegations in Paragraph 36 of the Complaint.

37. FedEx denies the allegations in Paragraph 37 of the Complaint.

38. FedEx denies the allegations in Paragraph 38 of the Complaint.

39. FedEx denies the allegations in Paragraph 39 of the Complaint.

40. FedEx denies the allegations in Paragraph 40 of the Complaint.

DEFENDANT FEDERAL EXPRESS
CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO CLASS
ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

41. FedEx admits that Plaintiff seeks statutory damages and attorneys' fees and costs on behalf of herself and a putative class, but denies they are entitled to same.

## V.    CLASS ACTION ALLEGATIONS

42. FedEx admits Plaintiff purports to bring this case as a Rule 23 class action on her own behalf as well as on behalf of "[a]ll current and former employees of FedEx who worked in Washington and earned less than twice the applicable state minimum hourly wage from July 31, 2022, through the date of certification of the Class."  FedEx denies that this action may be maintained as a class action and denies the allegations in Paragraph 42.

43. FedEx admits Plaintiff purports to exclude FedEx and its officers and directors from her class definition.  FedEx denies that this action may be maintained as a class action and denies the allegations in Paragraph 43.

44. FedEx admits there are numerous current and former Washington employees who earn or earned less than twice the applicable Washington minimum wage.  The remaining allegations in Paragraph 44 of the Complaint are legal conclusions for which no response is required.  To the extent any further response is required, FedEx denies the remaining allegations in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains legal conclusions for which no response is required.  To the extent any further response is required, FedEx denies the allegations in Paragraph 45 of the Complaint.

46. FedEx admits Plaintiff worked for the company in Washington.  The remaining allegations in Paragraph 46 of the Complaint are legal conclusions for which no response is required.  To the extent any further response is required, FedEx denies the remaining allegations in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains legal conclusions for which no response is required.  To the extent any further response is required, FedEx denies the allegations in Paragraph 47 of the Complaint.

DEFENDANT FEDERAL EXPRESS
CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO CLASS
ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

48. Paragraph 48 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 49 of the Complaint.

## VI.    CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**VIOLATION OF RCW 49.62.070**
*Claim of Relief for Plaintiff and the Class*

50. FedEx incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

51. Paragraph 51 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains legal conclusions for which no response is required. To the extent any further response is required, FedEx denies the allegations in Paragraph 52 of the Complaint.

53. FedEx admits it employed Plaintiff in the State of Washington and that Plaintiff purports to represent a putative class. FedEx denies the remaining allegations in Paragraph 53 of the Complaint.

54. FedEx admits Plaintiff earned less than twice the applicable state minimum wage during her employment and that Plaintiff purports to represent a putative class. FedEx denies the remaining allegations in Paragraph 54 of the Complaint.

55. FedEx denies the allegations in Paragraph 55 of the Complaint.

56. FedEx denies the allegations in Paragraph 56 of the Complaint.

57. FedEx denies the allegations in Paragraph 57 of the Complaint.

DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

58. FedEx admits that Plaintiff seeks statutory damages and attorneys' fees and costs on behalf of herself and a putative class, but denies they are entitled to same.

## VII.    REQUEST FOR RELIEF

59. FedEx denies this case may be maintained as a class action and denies either Plaintiff or the putative class is entitled to any of the relief sought in Paragraph 59(a) – (h).

## GENERAL DENIAL

To the extent any allegations remain unanswered, FedEx denies the remainder of Plaintiff's Class Action Complaint. FedEx denies that Plaintiff and any putative class member are entitled to any relief whatsoever and denies that Plaintiff can satisfy the requirements of Civil Rules 23(a) and (b)(3) or can establish any other class or collective action.

## AFFIRMATIVE AND OTHER DEFENSES

FedEx asserts the following affirmative and other defenses, each as a separate and distinct defense to Plaintiff's alleged causes of action as well as to the entire Complaint. FedEx does not assume the burden of any defense that is adjudged not to be an affirmative defense.

1.      Plaintiff's Complaint fails to state a claim for which the Court may provide relief to 1) Plaintiff for her individual claims and 2) putative class members.

2.      Plaintiff and the putative members of the purported class lack standing to assert claims under the Washington noncompetition law.

3.      Plaintiff cannot satisfy the requirements for a class action under Rule 23.

4.      Plaintiff cannot demonstrate a concrete injury resulting from any alleged violation of the Washington noncompetition law.

5.      Plaintiff was not "aggrieved" as required by the Washington noncompetition law and, thus, cannot maintain a private cause of action.

6.      Any alleged restriction imposed on Plaintiff's ability to hold secondary employment, if any, while employed by FedEx was implemented because of safety concerns,

DEFENDANT FEDERAL EXPRESS
CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO CLASS
ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

reasonable scheduling expectations, the common law duty of loyalty, or laws preventing conflicts of interest.

7.      The penalties sought by Plaintiff and the putative class are excessive and unconstitutional under the United States Constitution and the Constitution of the State of Washington.

8.      Plaintiff and/or putative class members' claims may be barred by the 3-year statutory statute of limitations or any other applicable limitations period.

9.      As a former employee, Plaintiff may not seek declaratory or injunctive relief on her own behalf or on behalf of a putative class.

10.     The claims of Plaintiff or any putative class member may be barred to the extent they filed claims under the Washington noncompetition law with the Washington Department of Labor and Industries.  And, any damages or statutory penalties Plaintiff or any putative class member may recover is subject to offset by any amount recovered on their behalf by the Washington Department of Labor and Industries from FedEx.

11.     FedEx acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known to the company at the time it so acted.

12.     To the extend Plaintiff seeks equitable relief in this action, she is not entitled to a jury trial, and her demand for same should be so limited.

13.     Plaintiff's claims are barred by her failure to take reasonable steps to avoid or otherwise mitigate the alleged damages, the existence of which is specifically denied.

14.     Plaintiff cannot maintain a representative or class action because the putative class members are not similarly-situated.  An independent and individual analysis is required of her claims, the claims of each putative class member, and FedEx's defenses applied to Plaintiff and each putative class member.

15.     Plaintiff is not the proper representative of the class she purports to represent; thus, this action is not properly brought as a class action.

DEFENDANT FEDERAL EXPRESS
CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO CLASS
ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

16.	Plaintiff's claims are barred by the doctrine of estoppel.

17.	FedEx reserves the right to assert additional affirmative defenses revealed during discovery or during the ordinary course of litigation.

## DEFENDANT'S PRAYER FOR RELIEF

FedEx respectfully request the following relief:

1.	The Plaintiff take nothing through her Complaint and judgment be entered in favor of FedEx;

2.	That no class be certified;

3.	That Plaintiff's Complaint be dismissed with prejudice, and without attorneys' fees or costs to Plaintiff;

4.	That Defendant be awarded its reasonable attorneys' fees and related costs to the extent allowed by statutory or common law; and

For such other and further relief as the Court deems appropriate.

Respectfully submitted this 20th day of October, 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Kathryn P. Fletcher*
Kathryn P. Fletcher, WSBA #22108
1201 Third Avenue, Suite 5150
Seattle, WA  98101
Telephone:  (206) 693-7057
Facsimile:  (206) 693-7058
Email:  kathryn.fletcher@ogletree.com

*Attorney for Defendant FedEx Freight, Inc.*

DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of October 2025, the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT was served on the following parties:

Timothy Emery, WSBA No. 34078
Patrick Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
EMERY REDDY, PLLC
600 Steward St., Suite 1100
Seattle, WA 98101
Telephone:  (206) 442-9106
Facsimile:  (206) 441-9711
Email:    emeryt@emeryreddy.com
              reddyp@emeryreddy.com
              paul@emeryreddy.com
              hannah@emeryreddy.com

*Attorneys for Plaintiff Qeana Alfred*

☒    by **electronic** means through the Court's Case Management/Electronic Case File system, which will send automatic notification of filing to each person listed above.

☐    by **mailing** a true and correct copy to the last known address of each person listed above. It was contained in a sealed envelope, with postage paid, addressed as stated above, and deposited with the U.S. Postal Service in Seattle, Washington.

☐    by **e-mailing** a true and correct copy to the last known email address of each person listed above.

SIGNED THIS 20th day of October 2025 at Seattle, Washington.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Kristen Kulgren*
    Kristen Kulgren, Practice Assistant
    kristen.kulgren@ogletree.com

DEFENDANT FEDERAL EXPRESS CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT
Case No. 2:25-cv-01769-JNW

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
1201 Third Avenue, Suite 5150 | Seattle, WA 98101
Phone: 206-693-7057 | Fax: 206-693-7058

93262440.v2-OGLETREE