The Honorable Jamal N. Whitehead

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| QEANA ALFRED, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION., a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:25−cv−01769−JNW<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(f), and this Court's September 29th, 2025, Order, ECF No. 15, Plaintiff Qeana Alfred ("Plaintiff") and Defendant Federal Express Corporation ("Defendant") submit the following joint status report and discovery plan.

### 1.    <u>Nature and Complexity of the Case</u>

Plaintiff commenced this action in King County Superior Court on July 31, 2025. On August 25, 2025, all previously named Defendants, save Federal Express Corporation, were dismissed in a Stipulated Order Dismissing Certain Defendants Without Prejudice. On September

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
No. 2:25−CV−01769−JNW

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

12, 2025, Defendant removed this action to the United States District Court for the Western District of Washington. ECF No. 1. The only named Defendant has been served.

**Plaintiff's Position**: Plaintiff alleges that Defendant required Plaintiff and class members to adhere to noncompetition covenants in violation of RCW 49.62.070. Specifically, Plaintiff alleges Defendant unlawfully restricted, prohibited, or restrained its lowest wage workers from having a second job.

**Defendant's Position**: Defendant denies Plaintiff's claims. Defendant further denies that Plaintiff and the putative class are entitled to any relief. Defendant also asserts that Plaintiff's claims are not amenable to class treatment because individualized issues predominate and Plaintiff's claims are not typical of those of the putative class, among other reasons.

### 2. Assignment of the Case to a Magistrate Judge

No.

### 3. Proposed Deadline for the Joining of Additional Parties

The Parties propose a deadline of December 20, 2025 for joining additional parties.

### 4. Motion for Class Certification and Any Other Dispositive Motions

**Plaintiff's Position:** Plaintiff intends to move for class certification by February 17, 2026, contingent upon Defendant engaging in discovery sufficient to allow Plaintiff to establish FRCP 23 requirements, unless otherwise ordered by the Court.

Plaintiff proposes the following briefing schedule for the class certification motion:

- Opposition deadline: 30 days after service of motion
- Reply deadline: 15 days after service of opposition

**Defendant's Position:** Discovery should be phased with the motion for class certification and any dispositive motions staggered as set forth in Section 5 below.

JOINT STATUS REPORT AND DISCOVERY PLAN - 2
No. 2:25−CV−01769−JNW

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

**5.    Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)(3)**

**a)    Initial Disclosures**

The Parties initial disclosures will be exchanged on November 3, 2025, as per the September 29th, 2025 Order Regarding Initial Case Deadlines.

**b)    Subjects, Timing, and Potential Phasing of Discovery**

**Plaintiff's Position:** Plaintiff intends to conduct discovery on Plaintiff's claims and Defendant's defenses. Plaintiff does not anticipate the need for phasing discovery. Plaintiff will cooperate in the coordinating and scheduling of discovery, and all discovery shall be conducted in good faith so that it is relevant and proportional. Plaintiff will meet and confer regarding any discovery disputes and seek relief from the Court if necessary.

**Defendant's Position:** Discovery should be conducted in two phases. The first phase would be limited to the Plaintiff's individual claims. Within 45 days of the close of Phase 1 discovery, the Parties may file motions for summary judgment as to Plaintiff's claims only.

Plaintiff's motion for class certification should be filed within either 90 days after the Court enters an order on any motions for summary judgment on the Plaintiff's individual claims or 90 days after the deadline to file a motion for summary judgment, if neither party files such a motion. The deadline for Defendant's opposition to Plaintiff's motion for class certification should be 30 days after the filing of Plaintiff's motion for class certification. Plaintiff's reply, if any, should be due within 15 days after the filing of Defendant's opposition brief.

Phase 2 discovery would be necessary only if the Court's order on any motions for summary judgment as to Plaintiff's individual claims is denied, in whole or in part. This phase would begin on the date of the Court's order on the motions for summary judgment or, in the alternative, on the day after the deadline for filing motions for summary judgment, if none are filed.

**c)    Electronically Stored Information**

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
No. 2:25-CV-01769-JNW

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

The Parties believe that this case will involve limited amounts of Electronically Stored Information (ESI). The Parties agree that, should an ESI order become necessary, the Parties will meet and confer and submit a stipulated ESI order for the Court's approval. The Parties are currently unaware of any issues regarding disclosure of ESI.

**d)      Privilege Issues**

The Parties anticipate there might be claims of privilege and/or protection regarding some discovery requests but do not expect any unique or extensive claims of privilege at this time. The Parties will meet and confer in good faith on any discovery issues in an effort to obtain all discoverable information without court intervention. If needed, the Parties will meet and confer and submit a Stipulated Protective Order for the Court's approval. The Parties will comply with the requirements of FRCP 26(b)(5).

**e)      Limitations on Discovery**

At this time, it appears that the standard limitations on discovery imposed under Federal and Local Civil Rules should apply. If the Parties determine at a later date that discovery limitations should be adjusted, the Parties may stipulate to adjusted limitations or move the Court for relief.

The Parties agree to electronic service (by email) of discovery documents and that service of paper copies is unnecessary.

**f)      Need for Discovery Related Orders**

The Parties do not propose changes to the timing or form of expert and pretrial disclosures under FRCP 26(a)(2)-(4) at this time.

**6.      Views, Proposals, and Agreements Pursuant to LCR 26(f)(1)**

**a)      Prompt Case Resolution**

The Parties will endeavor to resolve the case as promptly as practicable in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
No. 2:25−CV−01769−JNW

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

**b)      Alternative Dispute Resolution:**

The Parties have agreed to explore settlement options as the case progresses. If ADR is pursued, the Parties anticipate that a private mediation is likely to be the appropriate form of ADR.

**c)      Related Cases**

The Parties are unaware of any related cases.

**d)      Discovery Management**

**Plaintiff's Position:**  Plaintiff intends to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules for the Western District of Washington.  Plaintiff intends to cooperate with Defendant to resolve any discovery disputes and will involve the Court if necessary. Within 14 days of the Court's ruling on class certification, the Parties will meet and confer to propose a schedule for completing discovery and submit a joint proposal to the Court.

**Defendant's Position:**  Discovery should be phased as set forth in Section 5 above.

**e)      Anticipated Discovery Sought**

Parties anticipate conducting discovery on Plaintiff's claims and Defendant's defenses, including Defendant's noncompetition covenants and outside employment policies (scope to be determined), Plaintiff's and the putative class members' earnings, Defendant's EPLI insurance policy, facts related to FRCP 23 class certification prerequisites, and related documentation.

The Parties intend to cooperate in the coordinating and scheduling of discovery, and all discovery shall be conducted in good faith so that it is relevant and proportional. The Parties will meet and confer regarding any discovery disputes and seek relief from the Court only if necessary. The Parties do not propose changes to the timing or form of expert and pretrial disclosures under Rule 26(a)(2)-(4) at this time. Provided, the Parties agree to recommend that expert witnesses should be disclosed at least 60 days in advance of the discovery cut-off to allow identification and disclosure of rebuttal experts, if any, and the ability to conduct discovery into the opinions of any expert witnesses.

JOINT STATUS REPORT AND DISCOVERY PLAN - 5
No. 2:25−CV−01769−JNW

**f)        Phasing Motions**

**Plaintiff's Position:**  Given that this action has been filed as a putative class action, Plaintiff believes motion practice will first be directed to the viability and scope of any potential class. Plaintiff contends that a deadline should be set for motions relating to class certification as discussed in #4 above. Plaintiff  proposes that other case deadlines be set after the Court has made a decision about class certification because that decision will impact the scope and complexity of this action. At this time, Plaintiff does not believe bifurcating liability or damages is necessary for this matter.

**Defendant's Position:**  Discovery should be phased and motions staggered as set forth in Section 5.

**g)        Preservation of Discoverable Information**

The Parties have taken and will continue to take reasonable measures to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

**h)        Privilege Issues and Inadvertent Disclosure of Privileged Information**

**Plaintiff's Position:**  Plaintiff does not anticipate any need for special procedures for handling inadvertent production of privileged information or other privilege waiver issues under Federal Rules of Evidence 502(d) or (e) and will negotiate in good faith to resolve any such issues that may arise.

**Defendant's Position:**  The Parties will negotiate in good faith to present a Joint FRE 502(d) Order and file an appropriate motion with the Court.

**i)        Model Protocol for Discovery of ESI**

The Parties agree that, should an ESI order become necessary, the Parties will meet and confer and submit a stipulated ESI order for the Court's approval.

**j)        Alternatives to the Model Protocol**

The Parties incorporate by reference their answer to 6(i) above.

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
No. 2:25−CV−01769−JNW

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## 7.    Discovery Completion Date

The Parties do not anticipate discovery in this case will extend beyond 45 days before trial.

Within 14 days of the Court's ruling on class certification, the Parties will meet and confer to propose a schedule for completing the remaining merits discovery and submit a joint proposal to the Court.

## 8.    Bifurcation

At this time, the Parties do not believe bifurcating liability or damages is necessary for this matter.

## 9.    Pretrial Statements and Orders Pursuant to LCR 16(e)

The Parties do not believe that pretrial statements or orders are called for at the present time.

## 10.    Individualized Trial Program

The Parties do not intend to utilize the Individualized Trial Program found in LCR 39.2.

## 11.    Case Shortening and Simplification

The Parties have no other suggestions for shortening or simplifying the case.

## 12.    Trial Date

The Parties request that the Court defer setting a trial date until after it rules on class certification.

## 13.    Jury Trial

JOINT STATUS REPORT AND DISCOVERY PLAN - 7
No. 2:25−CV−01769−JNW

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Plaintiff filed a Jury Demand on September 12, 2025. ECF No. 3.

## 14.     Trial Days Required

Within 14 days of the Court's decision regarding class certification, the Parties will meet and confer to propose a trial ready date and estimate the number of days needed for trial.

## 15.     Trial Counsel Contact Information

a)    Plaintiff's Counsel
- Tim Emery, emeryt@emeryreddy.com;
- Patrick Reddy, reddyp@emeryreddy.com;
- Paul Cipriani, paul@emeryreddy.com;
- Hannah Hamley, hannah@emeryreddy.com;
- Paige Gagliardi, paige@emeryreddy.com;
- Calum Bryant, calum@emeryreddy.com;
- support2@emeryreddy.com.

b)    Defendant's Counsel
- Kathryn Fletcher, kathy.fletcher@ogletree.com
- Kristin Kulgren, kristin.kulgren@ogletree.com
- Brandon Pettes, brandon.pettes@fedex.com
- Barak Babcock, barak.babcock@fedex.com
- Patrick Hillard, patrick.hillard@fedex.com

## 16.     Trial Conflicts

a)    Plaintiff and/or her counsel have current conflicts for trial in 2026 as follows:

- None.

b)    Defendant and/or its counsel have current conflicts for trial in 2026 as follows:

- January 12-14, 2026; January 20, 2026; March 17-20, 2026; June 12, 2026; June 22, 2026; July 13, 2026; and November 2, 2026

## 17.     Service

Defendant has been served.

JOINT STATUS REPORT AND DISCOVERY PLAN - 8
No. 2:25−CV−01769−JNW

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

**18.     Pretrial Conference Pursuant to Fed. R. Civ. P. 16**

The Parties do not anticipate requiring a scheduling conference with the Court at this time.

**19.     Corporate Disclosure Statement**

Defendant filed its FRCP 7.1 Corporate Disclosure Statement on September 17, 2025. ECF No. 8.

RESPECTFULLY SUBMITTED this 7th day of November 2025.

/s/ Timothy W. Emery
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
Paige V. Gagliardi, WSBA No. 60816
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hanna@emeryreddy.com
Email: paige@emeryreddy.com

*Attorneys for Plaintiff Qeana Alfred*

/s/ Kathryn P. Fletcher
Kathryn P. Fletcher, WSBA No. 22108
Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Phone: (206) 876-5317
Fax: (206) 693-7058
Email: kathy.fletcher@ogletree.com
Email: brandon.pettes@fedex.com

*Attorneys for Defendant Federal Express Corporation*

JOINT STATUS REPORT AND DISCOVERY PLAN - 9

No. 2:25−CV−01769−JNW

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711