UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

QEANA ALFRED,

Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

Defendant.

CASE NO. 2:25-cv-1769-JNW

ORDER GRANTING INTERIM CLASS COUNSEL

This matter comes before the Court on Plaintiff Qeana Alfred's unopposed motion for appointment of interim class counsel in this putative class action against Defendant Federal Express Corporation. Having considered the motion, supporting declaration, and the relevant legal authority, the Court GRANTS the motion.

District courts "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). While the civil rules do not prescribe a standard for the appointment of interim counsel, courts in this district typically rely on the same factors considered when appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling

ORDER GRANTING INTERIM CLASS COUNSEL - 1

class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *see Pecznick v. Amazon.com, Inc.*, No. 2:22-CV-00743-TL, 2022 WL 4483123, at *4–5 (W.D. Wash. Sept. 27, 2022) (considering factors set forth at Rule 23(g)(1)(A) for the appointment of interim class counsel); *Ekin v. Amazon Servs., LLC*, No. C14-0244-JCC, 2014 WL 12028588, at *3 (W.D. Wash. May 28, 2014) (same).

Having considered these factors, the Court finds that Emery Reddy is well suited to serve as interim class counsel. Emery Reddy possesses substantial experience and knowledge in class action litigation, including in cases involving the same statutory claims at issue here. *See* Fed. R. Civ. P. 23(g)(1)(A)(ii), (iii); *see also*, Dkt. No. 21 at 5–6. The firm has also demonstrated that it will commit considerable time and resources to litigating the putative class's claims. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv); *see also*, Dkt. No. 21 at 7.

Emery Reddy represents that its attorneys have already "devoted a substantial amount of time and effort" into this matter by "reviewing publicly available information about Defendant and its practices and interviewing Plaintiff." Dkt. No. 22 ¶ 3. The firm filed this action in July 2025, and it remains the only pending lawsuit against Defendant for alleged violations of RCW 49.62.070. *Id.* ¶ 4.

Plaintiff urges early appointment of interim class counsel based on the risk of copycat actions that could complicate the litigation, pointing to another pending case against Defendant where counsel may seek to add similar claims. *See* Dkt. No. 21 at 3–4; Dkt. No. 22 ¶ 4. While early appointment can be appropriate when there

ORDER GRANTING INTERIM CLASS COUNSEL - 2

are a number of lawyers who have filed related "copycat" actions, *see* Manual for Complex Litigation (Fourth) § 21.11; *see also*, *Tolmasoff v. Gen. Motors, LLC*, No. 16-11747, 2016 WL 3548219 (E.D. Mich. June 30, 2016), no such actions have materialized here. The Court does not rely on this speculative concern as a basis for its decision.

Even so, the Court concludes that appointment is warranted. The designation of interim counsel clarifies responsibility for protecting the putative class's interests during precertification litigation and promotes efficient case management. Given Emery Reddy's demonstrated experience in this area of law, its track record in similar litigation, and the absence of any opposition, the Court finds appointment appropriate in the exercise of its discretion.

Accordingly, the Court GRANTS Alfred's motion to appoint Emery Reddy as interim class counsel.

Dated this 20th day of January, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING INTERIM CLASS COUNSEL - 3