The Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| QEANA ALFRED and TRINA FLOWERS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, a foreign profit corporation; and DOES 1-20, as yet unknown Washington entities,<br><br>Defendants. | No. 2:25-cv-01769-JNW<br><br>**PLAINTIFF'S MOTION TO CLARIFY OR AMEND ORDER APPOINTING INTERIM LEAD CLASS COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)**<br><br>NOTED ON MOTION CALENDAR:<br>August 5, 2026 |



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

On January 20, 2026, the Court appointed Timothy W. Emery and Patrick Reddy of Emery | Reddy, PC as Interim Lead Counsel Pursuant to Federal Rule of Civil Procedure 23(g) for a class pursuing violations of RCW 49.62.070. Dkt. 23 at 2. Since the Court appointed Interim Lead Counsel, Plaintiff filed an amended complaint—adding a new Plaintiff and asserting additional claims. Dkt. 28; *see also* Dkt. 27 (granting Plaintiff leave to file amended complaint). In addition to the claims for which the Court already appointed Interim Class Counsel, Plaintiffs Qeana Alfred and Trina Flowers brought additional claims for Defendant's violations of RCW 49.62.020 based on new information obtained in discovery and amended the proposed class definition.

Plaintiffs file this motion requesting that the Court clarify that its order appointing Interim Lead Counsel extends to any claims for violations of RCW 49.62.020(1)(a) on behalf of the class defined in Plaintiffs' operative Complaint: "all current and former employees of FedEx who worked in Washington at any time from January 1, 2020, through the date of certification of the Class", and to the .020 Subclass and .070 Subclass comprised of qualifying individuals who worked for Defendant at anytime between January 1, 2020 through the date of class certification, for violations of RCW 49.62.020(1)(b) and 49.62.070. In the alternative, if the Court intended to limit its appointment only to the RCW 49.62.070 claims, that the Court amend its order to appoint Emery | Reddy as class counsel for all claims under RCW 42.62.020 and RCW 49.62.070.

## BACKGROUND

In Plaintiff Alfred's initial complaint, filed on July 31, 2025, she asserted claims against Defendant Federal Express Corporation for violations of chapter 49.62 RCW. Dkt. 1-2. Specifically, Plaintiff alleged that she and other current and former employees who earned less than twice the then-applicable state minimum hourly wage were subject to contractual restrictions on obtaining additional employment or otherwise supplementing their income. This violated RCW 49.62.070 which expressly forbids employers from restricting, restraining, or prohibiting



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

"an employee earning less than twice the applicable state minimum hourly wage from having an additional job, supplementing their income by working for another employer, working as an independent contractor, or being self-employed."

On January 20, 2026, the Court appointed Emery | Reddy, PC as interim class counsel in this case. Dkt. 23.

After conducting discovery, Plaintiff discovered that in addition to the moonlighting restrictions, FedEx's Employee Handbook—which employees sign *after* they commence employment—contained non-competition covenants for which FedEx did not provide independent consideration. Dkt. 28 at ¶¶28–40.

In the amended complaint, filed on June 9, 2026, Plaintiff Alfred and Flowers asserted an additional claim for Defendant's related violation of RCW 49.62.020 which imposes significant restrictions on employers' ability to enter into and enforce non-competition covenants with employees. First, RCW 49.62.020(1)(a)(i) requires that any noncompetition covenant be disclosed "in writing" *before* the employment relationship begins and "no later than the time of the initial oral or written acceptance of the offer of employment." Second, RCW 49.62.020(1)(a)(ii), provides that if an employer attempts to impose a noncompetition covenant "after the commencement of employment" the employer must "provide[] independent consideration for the covenant." And finally, notwithstanding these restrictions, RCW 49.62.020(1)(b) renders void and unenforceable any noncompetition covenant with an employee [u]nless the employee's earnings from the party seeking enforcement, when annualized, exceed one hundred thousand dollars per year," which "must be adjusted annually in accordance with RCW 49.62.040." RCW 49.62.020(1)(b). Plaintiffs' operative complaint now asserts a claim for violations of RCW 49.62.020 on behalf of a putative class of individuals comprising "all current and former employees of FedEx who worked in Washington at any time from January 1, 2020, through the date of certification of the Class" based on Defendant's unlawful



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

noncompetition covenant imposed in the Employee Handbook, which was unlawful pursuant to RCW 49.62.020(1)(a)(ii). Dkt. 28 at ¶ 100.

Because this class was broader than the class in Plaintiff's original complaint, Plaintiffs amended their complaint to change the class definition to "all current and former employees of FedEx who worked in Washington at any time from January 1, 2020, through the date of certification of the Class," and add two subclasses. *Id*. at ¶¶ 100–102. The subclasses consist of the original class for whom Plaintiff Alfred initially filed, the .070 Subclass comprised of "All current and former employees of FedEx who worked in Washington and earned less than twice the applicable state minimum hourly wage at any time from January 1, 2020, through the date of certification of the .070 Subclass" to pursue claims for Defendant's violation of RCW 49.62.070. *Id*. at ¶ 102. Plaintiffs also added a .20 Subclass comprised of "All current and former employees of FedEx who worked in Washington whose annual earnings were less than the threshold set forth in RCW 49.62.020(1)(b), as adjusted annually in accordance with RCW 49.62.040, at any time from January 1, 2020, through the date of certification of the .020 Subclass" to pursue claims for Defendant's violations of RCW 49.62.020(1)(b).

Meanwhile, as Plaintiffs' counsel feared when initially moving for appointment as interim class counsel, Dkt. 22, ¶4, the plaintiff in *Gillyard v. Federal Express Corporation*, Case No. 2:24-cv-01666-JHC amended his complaint to add a new plaintiff and assert entirely new claims for violations of RCW 49.62.020 and RCW 49.62.070. *See* First Amended Class Action Complaint for Damages, *Gillyard v. Federal Express Corporation*, Case No. 2:24-cv-01666-JHC (Dkt. 21). Prior to this amendment, Plaintiff Gillyard brought claims for entirely separate wage and hour violations. The *Gillyard* complaint now includes claims for violations of Chapter 49.62 RCW (that were not included in his original Complaint) and seeks to represent two subclasses comprised of individuals with Chapter 49.62 RCW claims: a "Anti-Moonlight Subclass"



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

consisting of "all members of the Non-Exempt Class[1] who earned less than twice the applicable state minimum hourly wage at any time from August 16, 2021 to July 30, 2022" and a Noncompete Subclass comprised of "All members of the Non-Exempt Class who earned less than the applicable annual earnings threshold from any time from August 16, 2021 through the date discovery closes." *Id.* at ¶¶4.3–4.4 (defining new subclasses), ¶¶ 12.1–12.8 (adding Seventh Claim for Relief for violations of RCW 49.62.070); ¶¶13.1–13.9 (adding Eighth Claim for Relief for violations of RCW 49.62.020).

In correspondence with Interim Class Counsel, Gillyard's attorneys represented that they intentionally amended their complaint to plead around Plaintiff Alfred's claims. Emery Decl., ¶9, Ex. 1. Nevertheless, there can be no dispute that the claims significantly overlap with Plaintiffs' claims in this litigation:

| **Claims** | **Alfred and Flowers Complaint** | **Gillyard Complaint** | **Overlap** |
|---|---|---|---|
| RCW 49.62.020(1)(a) (claims arising from Defendant's noncompetition covenants imposed after commencement of employment and which were not disclosed prior to acceptance of employment offer) | All current and former employees of FedEx who worked in Washington at any time from January 1, 2020, through the date of certification of the Class. | | None currently - Gillyard does not appear to bring claims for violations of RCW 49.62.020(1)(a) |
| RCW 49.12.020/WAC 296-126-092 (meal period and rest break violations); RCW 49.46.090 (failure to pay full wages); RCW 49.46.130 (failure to pay overtime wages); RCW 49.48.010 | | All current and former non-exempt employees who worked for Defendant in Washington at any time from August 16, 2021 through the date discovery | None – Plaintiffs Alfred and Flowers do not bring claims for violations of Washington employment laws other than RCW 49.62. |

[1] Defined as "All current and former non-exempt employees who worked for Defendant in Washington at any time from August 16, 2021 through the date discovery closes." Dkt. 21, ¶ 4.2.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

| | | | |
|---|---|---|---|
| (failure to pay wages due at termination); RCW 49.52.050 (willful failure to pay wages) | | closes. | |
| RCW 49.62.020(1)(b) (claims arising from Defendant's imposition of noncompete covenants applicable to employees earning less than statutory threshold) | All current and former employees of FedEx who worked in Washington whose annual earnings were less than the threshold set forth in RCW 49.62.020(1)(b), as adjusted annually in accordance with RCW 49.62.040, at any time from January 1, 2020, through the date of certification of the .020 Subclass. | All members of the Non-Exempt Class who earned less than the applicable annual earnings threshold at any time from August 16, 2021 through the date discovery closes. | Gillyard class completely subsumed by Alfred and Flowers class |
| RCW 49.62.070 (claims arising from noncompete covenants applied to employees earning less than twice the applicable state minimum wage) | All current and former employees of FedEx who worked in Washington and earned less than twice the applicable state minimum hourly wage at any time from January 1, 2020, through the date of certification of the .070 Subclass. | All members of the Non-Exempt Class who earned less than twice the applicable state minimum hourly wage at any time from August 16, 2021 to July 30, 2022. | Gillyard class completely subsumed by Alfred and Flowers class |

Not only do the claims overlap, but Gillyard's counsel has attempted to interfere with Interim Class Counsels' prosecution of this matter and has engaged in discussions with Defendant to resolve the Chapter 49.62 claims on behalf of the Class and Subclasses that Plaintiffs Alfred and Flowers seek to represent. Declaration of Timothy W. Emery, ¶¶8–12. They have also claimed that, despite the Court's appointment of Emery | Reddy as interim class counsel, that



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

representation does not extend to the classes and claims brought in their amended complaint. *Id.* at ¶9. This poses a substantial risk to the class and necessitates clarification of the class that Interim Class Counsel represents, particularly as the parties proceed with discovery, dispositive briefing, and most critically—an upcoming mediation before Teresa Wakeen at the end of July. *Id.* at ¶¶13–15.

On July 13, 2026, however, Plaintiff Gillyard moved to consolidate this action with his and asked Judge Chun to appoint his counsel as interim class counsel—including over claims for which this Court appointed Emery | Reddy as interim class counsel[2]. *Gillyard v. FedEx Corporation*, Case No. 2:24-cv-01666-JHC, Dkt. 30. Gillyard's attempt to obtain an overlapping appointment constitutes a collateral attack on this Court's order. Further, Gillyard's filing only serves to highlight the substantial risk of harm to the class if this Court's appointment order is superseded. Specifically, Plaintiff Gillyard filed wage and hour claims that he could not successfully resolve through mediation. His counsel now represents that they have been contacted by FedEx "to discuss a possible global resolution of the class claims asserted in *Gillyard* and *Alfred*." *See* Declaration of Nicholas J. Ferraro, ¶3 *Gillyard v. FedEx Corporation*, Case No. 2:24-cv-01666-JHC, Dkt. 32. While FedEx may desire to wrap up all these claims at once, Plaintiffs Alfred and Flowers maintain that this is not in the non-compete classes' best interest. To the contrary, there is a significant risk that Gillyard's desire to resolve his wage and hour claims will cause him to compromise the relief negotiated on behalf of the non-compete class members. This is precisely the reverse auction scenario that necessitates not just the appointment of class counsel in the first instance, but enforcement of this Court's order appointing Emery | Reddy as interim class counsel.

[2] Plaintiffs intend to intervene to oppose the motion to consolidate and to appoint Gillyard's counsel as interim class counsel for the non-compete classes. Plaintiffs take no position on the appointment of Gillyard's counsel as interim class counsel with respect to the wage and hour claims that are not at issue in this litigation.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## ARGUMENT

### A. Clarification or Modification of the Order Appointing Interim Lead Counsel is Necessary to Protect the Class.

As set forth in Plaintiff's Motion for Appointment of Interim Lead Counsel, there are significant benefits to the early appointment of class counsel prior to class certification. *See* Dkt. 21. Appointing interim class counsel prior to class certification "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (4th) § 21.11; *see also* Order Granting Interim Class Counsel, Dkt. 23 at 3 ("The designation of interim counsel clarifies responsibility for protecting the putative class's interests during precertification litigation and promotes efficient case management.").

When the Court appointed Interim Class Counsel, it recognized that there were no competing lawsuits, Dkt. 23 at 2–3, but this has since changed. The *Gillyard* litigation now encompasses claims that significantly overlap with those brought by Plaintiffs and the risks associated with dual-track litigation are no longer hypothetical. There is a now a significant risk that disjointed legal strategies could disrupt the prosecution of Plaintiffs' claims to the detriment of the class, increase the costs for all parties, and impose additional burdens on judicial resources. As Plaintiff Alfred explained in her motion for appointment of class counsel, the most significant risk is that unscrupulous lawyers will negotiate a settlement that barters away class benefits in exchange for the defendant's agreement that the claims be resolved in one of the two parallel cases. This is precisely what happened in *In re Accellion, Inc., Customer Data Breach Litigation*—before appointment of interim class counsel, one firm unilaterally initiated settlement negotiations with several defendants and attempted to settle the case on a classwide basis. *Brown v. Accellion, Inc.*, No. 5:21-CV-01155-EJD, 2023 WL 1930348, at *2 (N.D. Cal. Feb. 10, 2023). The court acknowledged that "'[a]lthough there is no prohibition on engaging in settlement



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

negotiations before the appointment of interim class counsel, justifiable suspicions arise about the motivations underlying the settlements.'" *Id.* at *3 (quoting *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 58 (E.D.N.Y. 2006)). And in denying the attempted settlement firm's bid for appointment as interim class counsel, the court concluded that "'justifiable suspicions' could conceivably provide a basis for 'subtle signs that class counsel have allowed pursuit of their own self-interests . . . to infect the negotiations.'" *Id.* (quoting *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1043 (9th Cir. 2019).

Here, Gillyard's counsel implies that they amended their complaint to assert the non-compete claims in order to resolve their separate wage and hour claims. As their motion to consolidate exposes, Gillyard mediated with FedEx in October 2025, allegedly discovered documents that supported the non-compete claims sometime thereafter, but for some reason took no steps to pursue these claims for five months. And now, just weeks before Plaintiffs Alfred and Flowers are scheduled to mediate with FedEx, Plaintiff Gillyard and his counsel attempt to muddy the waters to undermine those negotiations by trying to usurp authority to negotiate on behalf of the class from Emery | Reddy. Particularly troubling is Gillyard's counsel's admission that they have been in contact with FedEx to attempt to "globally resolve" the non-competition and wage and hours claims, despite this Court's appointment of Emery | Reddy as class counsel for the non-competition claims. This gives rise to concern that Gillyard's counsel is facilitating a reverse auction with FedEx on the non-compete claims. Likewise, in light of FedEx's attempt to work around this Court's appointment order, there is a risk that Gillyard will compromise a resolution of the non-compete claims in order to resolve his wage and hour claims. Under these circumstances, it is highly likely that Gillyard's counsel has created a conflict that prevents it from representing both the wage and hour class *and* the non-compete class; if Gillyard is permitted to negotiate both sets of claims, it is likely that the wage and hour claims will be resolved at the expense of the non-compete claims.



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Allowing Plaintiff Gillyard's gamesman ship would set a precedent that would undermine the very purpose of pre-certification class counsel appointment. If the Court's appointment order is subject to superseding orders in competing cases, the appointment is entirely meaningless if unappointed counsel can simply go to another judge and ask that they be appointed instead. The best approach to protect the interests of the putative non-competition classes is to clarify that the Court's appointment of Emery | Reddy extends to all Section 49.62 RCW claims and allow Judge Chun to determine if Gillyard's counsel should be appointed to represent the wage and hour claim class.

**B. The Court Should Confirm that Emery | Reddy is Interim Class Counsel with Respect to All Chapter 49.62 RCW Claims Against Defendant.**

The overlap between the Chapter 49.62 RCW claims asserted in this action and the *Gillyard* case make it impossible to proceed forward in either matter without impacting the other case. Plaintiffs Alfred and Flowers's prosecution of this case will necessarily implicate the claims asserted in *Gillyard* and vice versa. Dual prosecution of these virtually identical actions is not tenable.

Nor can the parties wait for clarification on the scope of Interim Class Counsel's responsibilities and authority. Here, the parties have an upcoming mediation on July 27, 2026 to attempt to resolve all of the RCW 49.62 claims. These efforts will be stymied if external counsel purporting to have dual authority to settle these claims attempt to undercut Plaintiffs' proposals at the expense of the class. Further, due to the overlap in claims in the *Alfred* and *Gillyard* matters, even if the mediation proceeds without interference, it is imperative that both Plaintiffs and Defendants understand that Emery | Reddy as interim class counsel has the authority to negotiate on behalf of the entire proposed class. Plaintiffs therefore request that the Court clarify or modify its Order Appointing Interim Class Counsel to confirm that Emery | Reddy is appointed as sole interim class counsel to represent the class of "all current and former employees of FedEx who worked in Washington at any time from January 1, 2020, through the date of certification of the



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Class" with respect to violations of RCW 49.62.020 and RCW 49.62.070.

## CONCLUSION

It is the putative classes' best interest that the Court confirm that Emery | Reddy's appointment as Interim Class Counsel extends to any claims for violations of RCW 49.62.020(1)(a) on behalf of the class defined in Plaintiffs' operative Complaint: "all current and former employees of FedEx who worked in Washington at any time from January 1, 2020, through the date of certification of the Class", and to the .020 Subclass and .070 Subclass comprised of qualifying individuals who worked for Defendant at anytime between January 1, 2020 through the date of class certification, for violations of RCW 49.62.020(1)(b) and 49.62.070.

Respectfully submitted this 15th day of July 2026.

EMERY | REDDY, PC

*The undersigned certifies that the foregoing memorandum contains 3.052 words in compliance with the local civil rules.*

By: /s/Timothy W. Emery
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2026, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Joshua H. Sheskinq
Mitchell S. Bober
Nadia Lazo
Federal Express Corporation (PA)
1000 FedEx Drive
Coraoplois, PA 15108
Email: joshua.sheskin@fedex.com
Email: mitchell.bober@fedex.com
Email: nadia.lazo@fedex.com

Per D. Jansen, WSBA #49966
Kathryn P. Fletcher, WSBA #22108
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C
1201 Third Avenue, Suite 5150
Seattle, WA 98101
Email: per.jansen@ogletree.com
Email: kathy.fletcher@ogletree.com

Hardeep S. Rekhi, WSBA #34579
Gregory A. Wolk, WSBA #28946
Rekhi & Wolk, P.S.
529 Warren Ave N, Suite 201
Seattle, WA 98109
Email: hardeep@rekhiwolk.com
Email: greg@rekhiwolk.com

Nicholas J. Ferraro
Ferraro Vega Employment Lawyers, Inc.
3333 Camino del Rio South, Suite 300
San Diego, CA 92108
Email: nick@ferrarovega.com

Rebecca L. Solomon, WSBA #51520
Tousley Brain Stephens PLLC
1200 Fifth Ave, Ste 1700
Seattle, WA 98101
Email: rsolomon@tousley.com



**EMERY | REDDY, PC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Dated this 15th day of July, 2026, at Seattle, Washington.

*/s/ Jennifer Chong*
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com